**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


**SAMUEL LUCERO,**

    **Plaintiff,**

vs.                                                        **No. CIV 07-944 JCH/WDS**

**THE CITY OF ALBUQUERQUE,
OFFICER JASON SAAVEDRA,
in his individual capacity and in his
official capacity as an employee
of the City of Albuquerque,**

    **Defendants.**


**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION
TO REMAND PROCEEDINGS [7]**

        Plaintiff Samuel Lucero filed this lawsuit on August 24, 2007 in the Second Judicial District Court of New Mexico. On September 21, 2007, the City of Albuquerque (hereinafter "The City") filed its Notice of Removal [1]. On October 22, 2007, plaintiff filed his Motion to Remand Proceedings [7] and supporting Memorandum [8]. The City filed its Response to Plaintiff's Motion to Remand [11] and the plaintiff filed his Reply in support of his motion [13].

        The issue raised by plaintiff is that the notice of removal was filed only by the defendant City, and defendant Saavedra did not join or otherwise consent to removal. The City responds, arguing that defendant Saavedra has not been properly served, so that his joinder is not necessary. In his Reply the plaintiff responds to the City's argument, saying that the City agreed to accept service of process on behalf of defendant Saavedra so that he was properly served and

his joinder is required for removal to be proper.  Additionally, plaintiff argues that even if defendant Saavedra was not properly served, the City should have explained in its notice of removal why it was not including defendant Saavedra, and its failure to do so renders the removal procedurally defective. The plaintiff's motion is well taken and the court will grant the plaintiff's motion and remand this case to state court.

In order to properly remove a case to federal court from state court, all defendants must join in the notice of removal otherwise the notice of removal is procedurally defective, which requires the district court to remand the case.  ***Cornwall v. Robinson***, 654 F.2d 685 (10th Cir. 1981), ***Brady v. Lovelace Health Plan,*** 504 F.Supp.2d 1170 (D.N.M. 2007).

There are limited exceptions to the requirement that all defendants must join in removal and one of the exceptions is that a defendant who has not yet been served with the complaint need not join in the removal.  ***Brady, supra.***  However in such a case, the removing party has the burden to explain affirmatively in the notice of removal the absence of any co-defendant.  ***Brady, supra,*** citing to ***Northern Ill. Gas Co. v. Airco Industrial Gases,*** 676 F.2d 270, 273 (7th Cir. 1982).  Here, the notice of removal is completely silent as to defendant Saavedra and no explanation is offered as to why he is not included in the notice so that the City has not met its burden.  It is not apparent from the notice of removal whether or not defendant Saavedra has been properly served.[1]  Because the City has not met its burden, the notice of removal is defective on its face.

The court further notes that all doubts must be resolved in favor of remand.  ***Brady,***

---

[1]The parties dispute whether defendant Saavedra has or has not been served, but that dispute need not be resolved here.  If he has been served, his joinder in the removal was required in order to properly effectuate removal; if he has not been served, an affirmative explanation was required, but not included, in the notice of removal.  In either case, the removal was procedurally defective.

*supra,* citing to ***Fajen v. Foundation Reserve Ins. Co.,*** 683 F.2d 331, 333 (10th Cir. 1982).

For the foregoing reasons the plaintiff's Motion to Remand is hereby **granted**, and this case is remanded to the Second Judicial District Court of New Mexico for further proceedings.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE